IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH JUDD,

    Plaintiff,

-vs-                                                    No. CIV 97-1278 JC/RLP

KOAT TV-7, et. al.,

    Defendants.

## MEMORANDUM OPINION

**THIS MATTER** came on for consideration of Plaintiff's "Emergency Motion" requesting "immediate" injunctive relief, filed on September 29, 1997 (Doc. No. 1). The Court has reviewed the motion, the memoranda submitted by Plaintiff, and the relevant authorities. The Court finds that Plaintiff is not entitled to a hearing. The motion is not well taken and will be denied. Furthermore, the Court sua sponte finds that Plaintiff's Complaint shall be dismissed.

Plaintiff Keith Judd is a write-in candidate for the October 7, 1997 Albuquerque mayoral race. Defendants are private Albuquerque radio and television stations. In his pro se action, Plaintiff claims that Defendants have not provided him equal access to recent political broadcasts. Specifically, Plaintiff claims that Defendants have completely "blacked out" his campaign by failing to report important news from his campaign, and not inviting him to political forums, interviews or "rebroadcasts." (Plaintiff's Complaint ¶¶ 7, 8.)

With the mayoral race rapidly approaching, Plaintiff--via his "emergency motion"--requests that this Court exercise its equitable powers and order Defendants to grant Plaintiff equal air-time.

Plaintiff requests this injunctive relief under 42 U.S.C. §§ 12101, et seq., 47 U.S.C. § 315, and 42 U.S.C. § 1983.

Given the nature of Plaintiff's "emergency motion"--and the relief requested--the Court analogizes this motion to a Temporary Restraining Order ("TRO") under Rule 65(b). Fed. R. Civ. P. 65(b). In order to obtain a TRO--or a preliminary injunction--the moving party must establish:

(1) a substantial likelihood that the movant will eventually prevail on the merits;

(2) a showing that the movant will suffer irreparable injury unless the injunction issues;

(3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

(4) a showing that the injunction, if issued, would not be adverse to the public interest.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980); see also SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir.1991). Because this case involves a mandatory-type injunction, and would upset the status quo (forcing Defendants to give Plaintiff air-time), Plaintiff must satisfy the heavy burden of showing that "on balance, the four factors weigh heavily and compellingly [in Plaintiff's favor]" before such an injunction may be issued. Id.; cf. Walmer v. United States Dept. of Defense, 52 F.3d 851, 854 (10th Cir. 1995).

Plaintiff has not established the first element under Lundgrin. There is not a substantial likelihood that he will eventually prevail on the merits because each of the statutory headings on which Plaintiff bases his "emergency motion" preclude recovery. Lundgrin, 619 F.2d at 63.

Under the Federal Communications Act, "if any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station . . . ." 47 U.S.C. § 315.  The Act, however, does not provide a private cause of action.  <u>DeYoung v. Patten</u>, 898 F.2d 628, 633-635 (8th Cir. 1990); <u>Forbes v. Arkansas Educ. Television Communication Network Found.</u>, 22 F.3d 1423 (8th Cir. 1994).  Section 315, only provides for administrative remedies through the Federal Communications Commission ("FCC").

> The FCC has promulgated rules and regulations which provide a candidate aggrieved by a violation of § 315(a) an administrative remedy.  In addition to the general complaint procedures, the FCC has published specific procedures for political candidates seeking to enforce § 315(a).  Candidates' complaints are given priority consideration by the FCC.

<u>DeYoung</u>, 898 F.2d at 634 (internal quotations and citations omitted).  This Court will not hear Plaintiff's case before those remedies have been exhausted.  <u>Id.</u>; <u>see also</u> <u>Lamb v. Griffin Television, Inc.</u>, 804 F. Supp. 1430, 1431 (W.D. Okla. 1992) (<u>citing</u> <u>Belluso v. Turner Communications Corp.</u>, 633 F.2d 393, 397 (5th Cir.1980) ("Congress intended the administrative remedy to be exclusive") and <u>Ackerman v. Columbia Broadcasting Sys.</u>, 301 F. Supp. 628, 631 (S.D.N.Y.1969) ("[n]either the Act in general nor section 315(a) in particular created new private rights or authorized suits to recover damages. . . . *That plaintiffs also seek injunctive relief affords no basis for maintenance of this suit*.") (emphasis added)).

Plaintiff will also not prevail under his § 1983 claim.  In this case all Defendants are private broadcasting stations.  None of the stations are state-owned, and none are acting under color of state law.  See <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980) (a private entity acts under color of state law where it is a "willful participant in joint action with the State or its agents."); <u>Adickes v. S. H.</u>

Kress & Co., 398 U.S. 144, 152 (1970).  Additionally, there is no First Amendment right for political candidates to appear in privately broadcast debates.  See Forbes, 22 F.3d 1423, 1430 n.5; Johnson v. FCC, 829 F.2d 157, 162 (D.C. Cir. 1987).

Plaintiff also alleges that Defendants have not provided coverage of his mayoral campaign because he is "bipolar."  Plaintiff's complaint, however, is devoid of any factual allegations which would support Plaintiff's belief that he is being discriminated against on the basis of his mental disability.  In short, Plaintiff's allegations fall far short of stating a viable claim under the Americans with Disabilities Act ("ADA").  Defendants are not public entities under 42 U.S.C. § 12132, and this case does not involve an allegation of discrimination by public accommodation or employment.  See 42 U.S.C. §§ 12112, 12182.

Under the foregoing analysis, Plaintiff's 47 U.S.C. § 315 claim will be dismissed without prejudice for failure to exhaust administrative remedies.  Plaintiff's § 1983 and ADA claims will also be dismissed--with prejudice--because Defendants are not state actors or public entities.  The only remaining claim remotely viable involves a state defamation action.  Having dismissed all federal claims, the Court will decline to exercise jurisdiction over the state law claim, and will dismiss without prejudice.  An order will be entered in accordance with this opinion.

DATED this 3rd day of October, 1997.

_____
CHIEF UNITED STATES DISTRICT JUDGE